

**IN THE
TENTH COURT OF APPEALS**

**No. 10-22-00177-CV**

**IN THE INTEREST OF C.M., A CHILD**

**From the 77th District Court
Limestone County, Texas
Trial Court No. CPS-382-A**

## MEMORANDUM OPINION

The mother of C.M. (Mother) appeals the trial court's judgment terminating her parental rights. We will affirm.

*Background*

Mother and C.M.'s father (Father) left C.M. in the care of Father's great-aunt (Aunt) in December 2014 when C.M. was approximately two weeks old. The Department of Family and Protective Services (the Department) removed C.M. from Aunt's custody in April 2021 after Aunt's dementia became a danger to C.M. Mother had no contact with C.M. in the two years prior to removal, but was aware of Aunt's worsening condition. After a bench trial, the trial court found by clear and convincing evidence that Mother's actions were in violation of Sections 161.001(b)(1)(F) and (O) of

the Family Code and that termination was in C.M.'s best interest.  *See* TEX. FAM. CODE

ANN. §§ 161.001(b)(1)(F) and (O).  Mother then filed the present appeal.[1]

*Issues*

Mother presents the following issues:

1)    The Department presented no evidence that Mother failed to support C.M. in accordance with her ability.

2)    The Department presented factually insufficient evidence that Mother failed to complete her services.

3)    The trial court's rejection of Mother's confession-and-avoidance plea under section 161.001(d) is contrary to the great weight and preponderance of the evidence.

Mother does not contest the trial court's finding that termination was in C.M.'s

best interest.

*Standard of Review*

In order to terminate a parent's rights, the Department must establish by clear

and convincing evidence that termination is in the child's best interest and that legal

grounds under Section 161.001(b) of the Family Code exist for the termination of those

rights.  *See In re J.F.-G.*, 627 S.W.3d 304, 311 (Tex. 2021).  Only one predicate finding

under Section 161.001(b) is required.  *Id*. at 312.  Clear and convincing evidence is "the

measure or degree of proof that will produce in the mind of the trier of fact a firm belief

or conviction as to the truth of the allegations sought to be established."  TEX. FAM.

CODE ANN. § 101.007.; *see also In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005).

---

[1] Father voluntarily relinquished his parental rights and is not part of this appeal.

In a factual-sufficiency review in a termination case, we must weigh disputed evidence contrary to a finding against all the evidence in its favor. *In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018). We consider whether the disputed evidence is such that a reasonable factfinder could not have resolved it in the finding's favor. *Id.* The evidence is factually insufficient if, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in a finding's favor is so significant that the factfinder could not have formed a firm belief or conviction that the finding is true. *Id.*

In reviewing for factual sufficiency, however, we must be careful not to usurp the factfinder's role. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014). The factfinder is the sole arbiter of witness credibility. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009). In a bench trial, the trial judge is the factfinder who weighs the evidence, resolves evidentiary conflicts, and evaluates the demeanor and credibility of witnesses. *In re R.J.*, 579 S.W.3d 97, 117 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). Because the trial judge saw the witnesses firsthand, we must give him or her due deference, notwithstanding the heightened factual-sufficiency standard. *In re J.S.*, 584 S.W.3d 622, 634 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

*In re K.H.*, No. 10-21-00073-CV, 2021 WL 4080261, at *3-4 (Tex. App.—Waco Sept. 8, 2021, pet. denied).

*Issue One*

The Department does not address the termination of Mother's rights under Section 161.001(b)(1)(F). Because we find sufficient evidence to support termination under Section 161.001(b)(1)(O), we need not address Mother's first issue. *See J.F.-G.*, 627 S.W.3d at 312 (only one predicate finding under Section 161.001 paired with a finding that termination is in a child's best interest is sufficient to uphold a parental termination).

*Issue Two*

Mother asserts that the record before the trial court was factually insufficient to support a finding that she failed to complete court-ordered services.

AUTHORITY

Section 161.001(b)(1)(O) provides that a trial court may terminate the parent-child relationship if the parent

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child. . . .

TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

DISCUSSION

The family service plan in this case required Mother to remain drug-free and to submit to drug testing, which Mother acknowledged during her testimony. However, Mother tested positive for illegal substances even after completing various drug programs. The trial court, as the arbiter of witness credibility, was entitled to disbelieve Mother's testimony that she had not used drugs after the Department filed its petition for termination. The record is factually sufficient to support a determination that Mother violated the family service plan by failing to remain drug-free.

The family service plan additionally required Mother to establish a safe and stable home, "free of any persons or behaviors that would be a danger to [C.M.]." Viewing the evidence in the light most favorable to the verdict, Mother was living rent-

free with her boyfriend and his parents at the time of trial. If C.M. was returned to her, Mother intended to move C.M. into the household. Father testified: "[The boyfriend] does drugs and robs people. He's a bad person." The record is factually sufficient to support a determination that Mother violated the family service plan by not establishing a safe and stable home that was free of persons or behavior that would be a danger to C.M.

The family service plan additionally required Mother to strengthen her parenting skills. However, Mother was unable to produce a parenting assessment result that indicated it would be safe to return C.M. to her custody despite being provided the opportunity to complete the assessment on at least two occasions. The record is factually sufficient to support a determination that Mother violated the family service plan by failing to strengthen her parenting skills.

In light of the entire record, the disputed evidence is such that the trial court could reasonably find by clear and convincing evidence that Mother failed to comply with the provisions of a court order by failing to successfully complete the family service plan. Mother's second issue is overruled.

*Issue Three*

In her third issue, Mother asserts that the trial court erred in not finding that she had establish a confession-and-avoidance defense under Section 161.001(d). TEX. FAM. CODE ANN. § 161.001(d).

AUTHORITY

Section 161.001(d) provides:

A court may not order termination under Subsection (b)(1)(O) based on the failure by the parent to comply with a specific provision of a court order if a parent proves by a preponderance of evidence that:

> (1) the parent was unable to comply with specific provisions of the court order; and

> (2) the parent made a good faith effort to comply with the order and the failure to comply with the order is not attributable to any fault of the parent.

TEX. FAM. CODE ANN. § 161.001(d).

DISCUSSION

Mother specifically addresses this issue as it relates to the failure to provide stable employment. However, she provides no defense to her continued drug use, her inability to provide safe housing, or her failure to strengthen her parenting skills. Mother's third issue is overruled.

### Conclusion

Having overruled Mother's Second and Third issues, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed October 19, 2022
[CV06]

